## HENDERSON INCHES *vs.* FREDERICK W. DICKINSON.

An administrator of a lessee, who does not quit and surrender the demised premises imme
diately after his appointment, or upon a notice to quit, until a judgment for the possession
thereof has been obtained against him, but keeps the property of his intestate there for
several weeks, and sells it by auction upon the premises, and claims of an under-tenant
of a portion of the premises rent which accrued after his intestate's death, must be held
to have entered and taken possession of the premises, and is personally liable to the lessor
for rent thereof, until his estate therein was terminated by the notice to quit, to the extent
of the real value of the use of the premises.

CONTRACT for rent of a store leased to Ebenezer E. Dyer, the defendant's intestate, by the plaintiff's father, for five years from the 1st of July 1854, at $2300 a year, payable on the 1st of October, January, April and July in each year, and the taxes.

At the trial in the superior court, before *Allen*, C. J., the following facts were agreed: The plaintiff's father died in 1857 and his title became vested in the plaintiff before the 1st of October 1858, after which time no rent was paid. Dyer died in November 1858, having previously leased a portion of the store to one Huckins, who continued to hold under his lease till the 15th of February 1859. The defendant was appointed administrator of Dyer's estate on the 27th of December 1858, and afterwards sued Huckins for four months' rent, ending February 1, 1859. A portion of the store was occupied by Dyer, and after his death his property remained there until it was sold by the defendant, on the premises and elsewhere, by public auction and otherwise, in January. On the 1st of January 1859 the plaintiff demanded payment of the defendant of the rent due for the premises on that day, and, the same not being paid, on the 4th of January gave to him a notice to quit in fourteen days; and, no portion of the premises having been vacated, brought the statute process for his removal on the 20th of the same month, in which he obtained judgment, and was put into possession on or about the 15th of February following. The estate of Dyer has been declared to be, and is, insolvent.

Upon these facts, judgment was rendered for the plaintiff for

$575, the amount of rent due January 1, 1859, and the defendant appealed.

*G. Bancroft*, for the defendant.

*C. A. Welch*, for the plaintiff.

BIGELOW, C. J.  The rule of law is well settled, that an executor or administrator of a lessee is liable for rent of demiseć premises only to the extent of the assets in his hands, and cannot be held personally therefor, unless he enters and holds possession of the estate after the death of the lessee.  In the latter case, he is chargeable as assignee, in respect of the perception of the profits, and liable for the rent *de bonis propriis*.  Inasmuch as in law the profits of an estate under a demise are deemed to be appropriated to the lessor, if an executor or administrator enters during a current quarter, and takes the profits from an under-tenant or otherwise, the rent becomes his personal debt, and he is liable for the rent for that quarter, to the extent of the value of the premises, although it commenced before the death of the lessee.  *Bailiffs &c. of Ipswich* v. *Martin*, Cro. Jac. 411.  *Jevens* v. *Harridge*, 1 Saund. 1.  *Dean & Chap. of Bristol* v. *Guyse*, Ib. 111.  *Buckley* v. *Pirk*, 1 Salk. 317.  *Wollaston* v. *Hakewill*, 3 Man. & Gr. 297, 320.

The application of these well established principles is decisive of the liability of the defendant in this action.  On the facts agreed, there can be no doubt that he has made himself liable to be charged personally, as assignee of the lease.  He did not quit and surrender the premises immediately after his appointment; he continued in their occupation, and kept the property of the intestate there for several weeks, and sold it at auction on the premises in the month of January; he claimed to recover rent of the under-tenant of his intestate for four months preceding the first of February, and did not deliver up the premises to the plaintiff until after a judgment against him, as holding the premises without right, after the determination of his tenancy, as assignee of the lease, by a notice to quit for non-payment of rent.  Upon these facts, it cannot be contended that the defendant did not enter and take possession of the demised premises, and hold and enjoy the same, so as to

render himself liable to be charged personally as assignee of the lease.

As has been already stated, the defendant is liable to some extent for rent during the quarter which had not expired at the time of the death of the lessor. He is also chargeable until his estate was determined by the notice to quit. After that, he held the premises as tenant by sufferance, and is not chargeable for rent as assignee of the lease. But he is not absolutely liable for the amount of the whole rent reserved by the lease, but only to the extent of the value or real worth of the use of the premises. As he is made responsible personally solely by virtue of his entry and possession, and not on the covenants of his intestate contained in the lease, the law holds him for so much of the rent only as the premises are actually worth. *Prima facie,* the rent reserved by the lease is evidence of the value of the premises, and of the extent of the liability of the administrator, but it is open to him to show that the estate, during the time for which he is liable, was of less value, and for that amount only can he be charged in this action. *Rubery* v. *Stevens,* 4 B. & Ad. 241. *Hornidge* v. *Wilson,* 11 Ad. & El. 645. *Hopgood* v. *Whaley,* 6 Man., Gr. & S. 749. If the parties cannot agree on the sum for which judgment is to be entered, the case must go to an assessor to ascertain the amount, and, on the coming in of his report, the entry will be　*Judgment for the plaintiff.*